UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ASHLEE UNIQUE SIMS, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No.<br>) Hon. |
| v. | )<br>) |
| CITY OF DETROIT, a Michigan municipality, TYLER SCOTT ALENE, in his individual and official capacity, JANELLE THOMAS, in her individual and official capacity, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

_____/

Todd Russell Perkins (P55623)
Joshua Thomas (P84263)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
(313)964-1702

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff Ashlee Unique Sims, by and through her attorneys The Perkins Law Group and Law Offices of Joel B. Sklar, file this Complaint and Jury Demand against Tyler Scot Alene, Janelle Thomas, and the City of Detroit and says:

1. Plaintiff Ashlee Unique Sims is an individual who resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District.

2. During all relevant times, Defendant Tyler Scott Alene was a City of Detroit Police Officer who resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District. At all times Defendant Tyler Scott Alene was acting under color of law. He is being sued in his individual capacity.

3. During all relevant times, Janelle Thomas was a City of Detroit Police Officer who resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District. At all times Defendant Janelle Thomas was acting under color of law. She is being sued in his individual capacity.

4. The City of Detroit is a Michigan municipality which operates the City of Detroit Police Department and transacts business in Wayne County, Michigan which is located in this Judicial District.

5. This is a proceeding pursuant to *42 USC § 1983* to redress the violation of rights and liberties guaranteed to Plaintiff by the *Fourth Amendment* to the Constitution of the United States.

6. This Court has jurisdiction over this case, including Plaintiff's state law claims, under *28 USC §§ 1331, 1343(3), 2201* and *201* and 28 U.S.C. § 1367(a)

7. Defendant Detroit Police Officers Alene and Thomas are not entitled to qualified or any other immunity because they violated Plaintiff's clearly established *Fourth Amendment* rights of which any reasonable state actor would have known and engaged in actionable gross negligence pursuant to MCL 691.1407(2)(c).

8. Venue is proper within this District pursuant to *28 USC § 1391(a)(1)* and *(2),* since the events which give rise to this action all took place in Wayne County, Michigan and Defendants are all located here.

## FACTS

9. In the early morning hours of August 7, 2022, Plaintiff Ashlee Unique Sims was attending a block party near Central and Warren on the city's west side.

10. Detroit Police Officers Alene and Thomas were at the scene to close the block party down.

11. As Plaintiff was walking to her car to leave the area, Defendant Officer Alene, without warning, legal justification or excuse, gratuitously punched Plaintiff in the face splitting her lip and causing her to fall on the pavement, fracture her left hip, fracture her pelvis and suffer other serious injuries.

12. Plaintiff was stunned, concussed, confused and in pain on the ground, when Defendant Thomas gratuitously rolled over Plaintiff, pushed and continued to

3

assault her despite the fact that Plaintiff had done nothing wrong and in need of help.

## COUNT I

### *FOURTH AMENDMENT* VIOLATION PURSUANT TO 42 USC §1983 USE OF EXESSIVE FORCE

13. Plaintiff Ashlee Unique Sims restates word for word and paragraph for paragraph each of the above allegations.

14. *42 USC § 1983* provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Colombia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and shall be liable to the party injured in an action at law, suite or in equity, or other appropriate proceedings for redress.

15. Plaintiff is a citizen of the United States and the individual Defendant officers are "persons" under *42 USC § 1983*.

16. At all times, Defendant Police Officers Alene and Thomas were acting under color of state law and their acts or omission were conducted within the scope of their official duties or employment.

17. Plaintiff had a clearly established constitutional right under the *Fourth Amendment* to be secure in her person from unreasonable searches, seizures and excessive force by state actors like Defendants Alene and Thomas. U.S.

18. Defendant Officer Alene violated Plaintiff's clearly established *Fourth Amendment* rights when he punched Plaintiff in the face absent any legal justification

4

or excuse.

19. Defendant Officer Thomas used excessive force when she rolled over and pushed Plaintiff absent any legal justification or excuse.

20. Defendant Officers Alene and Thomas and other unknown officers, who may become parties to this litigation, upon further discovery and investigation, repeatedly threatened, harangued, harassed, terrorized, humiliated and embarrassed Plaintiff Ashlee Sims, causing an element of fear, shock and disbelief in her.

21. At the time of the constitutional violations committed by Defendants Alene and Thomas, Plaintiff Ashlee Sims was unarmed and of no threat to the Defendant Officers or anyone else.

22. Plaintiff had violated no law as evidenced by the fact that Plaintiff was neither arrested nor charged after the constitutional violations visited upon her by Defendants Alene and Thomas.

23. Each Defendant Officer had an obligation to stop the other from violating Plaintiff's constitutional rights, but each failed to intervene to stop the other from violating Plaintiff's constitutional rights.

24. Defendants Alene's and Thomas' conduct toward and treatment of Plaintiff was willful, malicious, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

25. Defendants Alene and Thomas violated Plaintiff's *Fourth Amendment*

rights with shocking and willful indifference to Plaintiff's rights and their conscious awareness Plaintiff would suffer severe injuries.

26. The unlawful acts or omissions of Defendants Alene and Thomas were the moving forces behind Plaintiff's injuries.

27. Defendants Alene and Thomas acted in concert and joint action with each other to deprive Plaintiff of her constitutional rights.

28. Defendants Alene and Thomas are not entitled to qualified immunity for the conduct described herein.

29. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Ashlee Sims suffered permanent and disfiguring scars to her face, a closed head injury, a fractured pelvis, fractured left hip, terror, pain, agony, fear, anxiety, shock, degradation, indignity, depression, mortification, embarrassment, humiliation, mental distress, PTSD, loss of the enjoyments of life, out of pocket expenses, other economic, non-economic damages that will continue through beyond this litigation.

30. In addition to the compensatory, economic, consequential, and special damages available, Plaintiff Ashlee Sims is entitled to punitive damages against Defendants Alene and Thomas under *42 USC § 1983*, in that the actions of both of these officers were malicious, willful or with reckless or wanton disregard of Plaintiff's constitutional rights.

**ACCORDINGLY**, Plaintiff Ashlee Unique Sims seeks judgment against Defendants Alene and Thomas, jointly and severally, for damages in whatever amount in excess of this Court's jurisdictional limits to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and reasonable attorney fees, together with punitive damages as permitted under *42 USC §§ 1983, 1985* and *1988*.

## COUNT II

### MONELL CLAIM AGAINST THE CITY OF DETROIT

31. Plaintiff reasserts each allegation above, word for word and paragraph for paragraph.

32. At the time of the constitutional deprivations discussed above, Defendant City of Detroit had an illegal policy or custom of using excessive force in violation of the *Fourth Amendment*, as Plaintiff was treated in this case.

33. At the time of the constitutional deprivations described above, the City of Detroit failed to properly train and/or supervise its officers in the proper use of force, and the contours of the *Fourth Amendment.*

34. At the time of the constitutional deprivations described above, the unconstitutional acts and omissions of Defendants Alene and Thomas were ratified by an official with final decision-making authority (i.e., the Chief of Police) and a custom of acquiescence and tolerance to the City of Detroit Police Department's long-standing practice of using excessive force in violation of the *Fourth*

*Amendment.*

35. As a direct and proximate result of Defendant City of Detroit's unlawful conduct, Plaintiff Ashlee Sims suffered permanent and disfiguring scars to her face, a closed head injury, a fractured pelvis, fractured left hip, terror, pain, agony, fear, anxiety, shock, degradation, indignity, depression, mortification, embarrassment, humiliation, mental distress, PTSD, loss of the enjoyments of life, out of pocket expenses, other economic, non-economic damages that will continue through beyond this litigation.

**ACCORDINGLY**, Plaintiff Ashlee Sims seeks judgment against Defendant City of Detroit for damages in whatever amount in excess of this Court's jurisdictional limits to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and reasonable attorney fees, together with punitive damages as permitted under *42 USC §§ 1983, 1985* and *1988*.

## COUNT III

**GROSS NEGLIGENCE AS TO DEFENDANTS ALENE AND THOMAS**

36. Plaintiff reasserts each allegation above, word for word and paragraph for paragraph.

37. Defendants Alene and Thomas were on duty and acting within the scope of his employment and authority by Defendant City of Detroit when each engaged in the unlawful conduct alleged above.

38. Defendants Alene and Thomas engaged in conduct so reckless so as to demonstrate a substantial lack of concern for whether an injury resulted to Plaintiff.

39. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff Ashlee Sims suffered permanent and disfiguring scars to her face, a closed head injury, a fractured pelvis, fractured left hip, terror, pain, agony, fear, anxiety, shock, degradation, indignity, depression, mortification, embarrassment, humiliation, mental distress, PTSD, loss of the enjoyments of life, out of pocket expenses, other economic, non-economic damages that will continue through beyond this litigation.

**ACCORDINGLY**, Plaintiff seeks judgment against Defendants, jointly and severally, for damages in whatever amount Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and reasonable attorney fees.

Respectfully submitted,

s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
(313) 964-1702

Date:  December 9, 2022

## JURY DEMAND

Plaintiff Ashlee Unique Sims hereby demands a jury trial in the above captioned matter.

                                                    Respectfully submitted,

s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
Date:  December 9, 2022                         (313) 964-1702